Dorothy ALBERTSON, Plaintiff–
Appellant,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant–
Appellee.

**Docket No. 00–6255.**

United States Court of Appeals,
Second Circuit.

Submitted April 9, 2001.

Decided April 27, 2001.

Dorothy Albertson, Pro Se, Messapequa, NY, for Plaintiff–Appellant.

Artemis Lekakis, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, Varuni Nelson and Kathleen Mahoney, Assistant United States Attorneys Eastern District of New York), Brooklyn, NY, for Defendant–Appellee.

Before WALKER, Chief Judge, McLAUGHLIN and SOTOMAYOR, Circuit Judges.

## PER CURIAM:

Plaintiff-appellant Dorothy Albertson appeals from an August 10, 2000 judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*) that upheld the determination of defendant-appellee Kenneth S. Apfel, Commissioner of Social Security, that plaintiff was not entitled to Social Security benefits as a "surviving divorced wife" pursuant to 42 U.S.C. §§ 402(e) and 416(d).

Albertson was married to Thomas Greilich, the wage earner, on February 9, 1952. She obtained a divorce from him on February 3, 1962, in Mexico City, Mexico, which the Consul of the United States authenticated on February 6, 1962. After Greilich's death in July 1995, Albertson applied for survivorship benefits as a "surviving divorced wife" under 42 U.S.C. § 402(e). To qualify for survivorship benefits, however, § 416(d)(2) requires that a "surviving divorced wife" must have been married to the wage-earning spouse, prior to his death, "for a period of 10 years immediately before the date the divorce became effective." 42 U.S.C. § 416(d)(2). Because,

under the best case scenario for Albertson, her divorce from Greilich became effective three days shy of the requisite ten years (e.g., when it was authenticated by the U.S. Consul), the Social Security Administration ("SSA") denied her application for survivorship benefits.

■ Albertson appealed to the district court and argued that she should be credited with three days because there were three leap years during her marriage, thus, in her view, making the duration of the marriage exactly 10 years as required by § 416(d)(2). The district court rejected this argument; it reasoned that "leap years are considered to be nothing more than ordinary calendar years, and do not provide a 'spare day' to be added." We agree.

■ The statutory requirement of "10 years" in § 416(d)(2) does not differentiate between leap years and non-leap years. *See George v.. Sullivan*, 909 F.2d 857, 862 (6th Cir.1990) (requiring 10 full years); *Moon v. Shalala*, No. 93–1267, 1994 WL 740899, at *3 (N.D.N.Y. Oct. 4, 1994) (same). Rather, it simply denotes the recognized "calendar year" which, as it happens, includes an extra day every fourth year.[1] *See also Merriam Webster's Collegiate Dictionary* 1371 (10th ed.1997) (defining "year" as, *inter alia*, "a cycle in the Gregorian calendar of 365 or 366 days divided into 12 months beginning with January and ending with December").

---

1. Even, purely for the sake of argument, were we to hold that Congress intended us to utilize the precise scientific understanding for a year, that is, the period of time required for one revolution of the earth around the sun, we would still be led to the conclusion that Albertson was not married to Greilich for "10 years." This is because, scientifically speaking, a year is 365¼ days, not 365 days as Albertson wishes us to believe. *See* Electronic Library, *Encyclopedia.com* (2001), at http://www.encyclopedia.com/articles/ 02150MeasuresofTime.html (last visited on April 19, 2000) (noting: "The earth completes its orbit about the sun in 365 days, 5 hr 48 min 46 sec—the length of the solar year"). Thus, Albertson still would not be entitled to the credit she seeks for the three leap year days.

Because Albertson's marriage to Grei-lich did not last ten calendar years, we find that her application for survivorship benefits was properly ·denied. Accordingly, the judgment of the district court is hereby affirmed.